[No. 3,808.]

# DUNCAN *v.* GARDNER.

PATENT FOR STATE LAND.—The Register of the State Land Office must not issue a patent for State lands until the applicant for the patent surrenders the certificate of purchase.

IDEM.—When a judgment debtor has a State certificate of purchase of a tract of land sold him by the State, one who purchases at Sheriff's sale a part only of the tract, and obtains a Sheriff's deed therefor, is not entitled to a patent from the State for the land by him so purchased.

PETITION to the Supreme Court for writ of mandate.

Frederick Miller, after complying with the requirements of the law, in obtaining a survey, etc., paid the Treasurer of Sacramento County, on the 3d day of October, 1868, twenty per cent of the purchase money, and ten per cent interest, in advance, on survey number nine hundred and forty-two, being portions of sections nineteen, twenty, twenty-one,

twenty-nine and thirty, township four north, range four east, lying in Sacramento County. The Register of the State Land Office soon after issued a certificate of purchase to Miller, who, in 1868, sold a part of the tract, containing one hundred and forty-three and twenty-five one hundredths acres, to H. Block. The land was assessed to the estate of Miller, in 1870, and the tax not having been paid, a judgment was rendered on the 30th of May, 1871, in the District Court of Sacramento County, enforcing a lien for the tax on the land, less one hundred and forty-three acres sold to H. Block. An order of sale was issued, and the Sheriff sold the land described in the judgment, to H. Mahin, for the tax and costs. Mahin assigned his certificate of purchase to the relator, who, on the 2d day of December, 1872, obtained the Sheriff's deed. Duncan paid the State for the land described in his deed, and presented the deed to the Register of the State Land Office, on the 17th day of May, 1873, and demanded a patent for the land by him so purchased, but did not offer to surrender the certificate of purchase. The Register refused to issue a patent. Duncan then made this application for a writ of mandate to compel Robert Gardner, the Register, to issue to him a patent for the land by him purchased.

Section thirty-five hundred and nineteen of the Political Code provides that "whenever final payment has been made for any tract of land, * * * the Register, upon the surrender of the certificate of purchase by the person entitled to the same, must prepare a patent for the land," etc.

Section two of the Act of March 27th, 1872 (Stats. 1871-2, p. 587), declares that "when part payment only has been made for lands sold by this State, and certificates of purchase issued for the same, and said lands have been subsequently sold under execution, and a Sheriff's deed issued

therefor, the Register of the State Land Office is hereby directed to issue to the grantee named in said deed, or to his assigns, a patent for said lands, upon his producing and surrendering said Sheriff's deed and assignment, if any there be, and making full payment to the State for said lands."

*E. M. Martin* and *McKune & Welty,* for Petitioner.

*John L. Love, Attorney General, contra.*

By the Court:

The petitioner is not entitled to the patent, under section thirty-five hundred and nineteen of the Political Code, because there is no offer to surrender the certificate of purchase; nor is he entitled, under section two of the Act of March 27th, 1872, because he has not produced the Sheriff's deed to the *whole of the tract* originally purchased by Miller.

Application for the writ denied.